# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

APRIL GRIFFIN,
        Plaintiff,

v.                                            Case No. 08C0952

MATTHEW SEBULIBA,
        Defendant.

## ORDER

Plaintiff April Griffin brought this action pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Convention"), T.I.A.S. No. 11670, 1343 U.N.T.S. 89 (Oct. 25, 1980), as implemented by the International Child Abduction Remedies Act (ICARA), 42 U.S.C. §§ 11601 et seq. Plaintiff alleges that defendant, Matthew Sebuliba, has wrongfully removed or is threatening to wrongfully remove their two-year-old child from the United States to Uganda, and seeks relief pursuant to the Convention and ICARA either effectuating the child's return to the United States or prohibiting his removal to Uganda.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for

the plaintiff to plead specific facts; her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson v. Washington, 362 F.3d 969, 970 (7th Cir. 2004).

After reviewing the complaint, I conclude plaintiff has failed to state a claim upon which I may grant relief. Assuming the defendant has already removed the child to Uganda and plaintiff has otherwise stated a viable claim under the Convention and ICARA, her claim still fails because Uganda is not a party to the Convention. See U.S. Dep't of State, Treaties in Force: A List of Treaties and Other International Agreements of the United States in Force on January 1, 2007, Section 2: Multilateral Agreements 98 (2007), available at http://www.state.gov/documents/organization/89668.pdf.[1] The procedures in the Convention and ICARA are only triggered when both the State of the child's habitual residence, in this case alleged to be the United States, and the retaining State, in this case Uganda, are parties to the Convention. See deSilva v. Pitts, 481 F.3d 1279, 1284 (10th Cir. 2007); United States v. Amer, 110 F.3d 873, 881 (2d Cir. 1997); Mezo v. Elmergawi, 855 F.Supp. 59, 62-63 (E.D.N.Y. 1994). Thus, because Uganda is not a party, the

---

[1] For a current list of parties to the Convention, for which the Netherlands serves as the depositary, see the Treaty Data for the Convention available at the website of the Dutch Ministry of Foreign Affairs, www.minbuza.nl. The URL of the Treaty Data site is http://www.minbuza.nl/verdragen/en/searchtreaties/detailspage?verdragId=9929& datasource=/content/verdragen/en/documents/zoek-verdragen/verdragen_resultaten.xml.

2

Convention and ICARA are not applicable. Further, if defendant has not removed the child to Uganda, but instead remains in Wisconsin, the Convention and ICARA are inapplicable because the alleged abduction is not international in nature. See 51 Fed. Reg. 10494, 10504. As I see no basis for any other claim against defendant within my jurisdiction, I must dismiss this action.[2]

**Therefore,**

**IT IS ORDERED** that this action is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 22 day of December, 2008.

/s
LYNN ADELMAN
District Judge

---

[2] I see no other basis for federal question jurisdiction in the complaint. Further, the requirements for diversity jurisdiction are not supported by the allegations in the complaint: both plaintiff and defendant appear to be domiciled in Wisconsin, and the complaint does not satisfy the amount in controversy requirement. See 28 U.S.C. § 1332(a). Additionally, I lack the power to issue any child custody decree. Ankenbrandt v. Richards, 504 U.S. 689, 702-03 (1992). However, I make no legal conclusions regarding the merits of any possible claims plaintiff may have against defendant under state law, and plaintiff is free to bring such claims in state court.