# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**APRIL GRIFFIN,**
        **Plaintiff,**

      **v.**                                          **Case No. 08C0952**

**MATTHEW SEBULIBA,**
          **Defendant.**

---

## ORDER

      Plaintiff April Griffin filed a petition pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Convention"), T.I.A.S. No. 11670, 1343 U.N.T.S. 89 (Oct. 25, 1980), as implemented by the International Child Abduction Remedies Act (ICARA), 42 U.S.C. §§ 11601 et seq. Plaintiff alleged that defendant, Matthew Sebuliba, wrongfully removed or was threatening to wrongfully remove their two-year-old child from the United States to Uganda, and sought relief pursuant to the Convention and ICARA either effectuating the child's return to the United States or prohibiting his removal to Uganda. On December 22, 2008, I dismissed the petition for failure to state a claim. plaintiff filed a notice of appeal on December 24, 2008. Before me now are several motions filed by plaintiff after I dismissed the petition.

      First, plaintiff filed two motions in this court at the time she filed her notice of appeal: a motion asking me to stay a decision issued by a Wisconsin state court judge regarding custody of the child, and a motion asking me to exercise "emergency provisional measures" to secure return of plaintiff's child pursuant to Article 7(b) of the Convention. plaintiff cites to Article 16 of the Convention as legal authority for me to stay the state court

decision. However, Article 16 applies to custody determinations made by courts in the state to which a child was wrongfully removed or is wrongfully retained, not the state of habitual residence. Here, the custody determination was made by a Wisconsin state court, the United States is alleged to be the state of habitual residence for purposes of the Convention, and therefore Article 16 is inapplicable. Further, regarding both motions as well as this case, assuming that the child has been wrongfully removed from the United States to another state that is a party to the Convention, thereby triggering the Convention's mechanisms, this court is not the proper court in which to file a petition. Rather, the courts in the retaining state – the state to which the child was wrongfully removed – are the courts in which a petition should be filed. See 42 U.S.C. § 11603(b) ("Any person seeking to initiate judicial proceedings under the Convention . . . may do so . . . by filing a petition for the relief sought in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed.") (emphasis added). Cf. Kijowska v. Haines, 463 F.3d 583, 585-86 (7th Cir. 2006) ("[ICARA] . . . entitles a person whose child has been wrongfully removed to the United States . . . to petition a federal court to order the child returned.") (emphasis added). And if the child has not been removed to another country, but instead remains in the United States, the Convention is not applicable, as it only applies to international abductions and removals. Therefore, I will deny these two motions.[1]

Plaintiff has also filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). However, in the present case, no judgment has yet been entered. As such I will

---

[1] I will also deny a related third motion, which merely reiterated the requests for relief in the first two motions.

2

construe plaintiff's motion as a motion for reconsideration under Rule 54(b). A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir.1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n. 8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." United Air Lines, Inc. v. ALG, Inc., 916 F.Supp. 793, 795 (N.D. Ill.1996). Here, plaintiff fails to offer any persuasive argument as to why my decision dismissing her case was erroneous; in fact, in this motion, plaintiff states that the child in question is actually located in the United States, and therefore has not been wrongfully removed to another country. (Petr.'s Mot. for Reconsideration at 3.) Thus, I will deny her motion.

Plaintiff has also filed a motion to proceed in forma pauperis on appeal. Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. Coppedge v. United

3

States, 369 U.S. 438, 446 (1962); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).  An

appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous,

Coppedge, 369 U.S. at 446; Lee, 209 F.3d at 1026, meaning that a reasonable person

could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026; Howard v. King,

707 F.2d 215, 219-20 (5th Cir. 1983).  The existence of any nonfrivolous issue on appeal

is sufficient to require the court to grant the petition for leave to proceed in forma pauperis.

Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).  Here, plaintiff asserts a claim under

the Convention and ICARA, but by plaintiff's own admission, the child in question is still

located in the United States, the state of habitual residence, and therefore has not been

wrongfully removed to another country.  Thus, the Convention and ICARA are not

applicable, and I certify that any appeal from my dismissal of the petition is not taken in

good faith.

**Therefore,**

**IT IS ORDERED** that plaintiff's motion seeking a stay of a state court decision is

**DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion seeking exercise of emergency

provisional measures is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for judicial determination is

**DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for relief from judgment is

**DENIED**.

4

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to appeal in forma pauperis is **DENIED.**

**IT IS FURTHER ORDERED** that the clerk of court enter judgment in accordance with my December 22, 2008 order dismissing this case.

Dated at Milwaukee, Wisconsin this 9 day of April, 2009.

_____
/s
LYNN ADELMAN
District Judge