# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

APRIL GRIFFIN,
        Plaintiff,

    v.                                      Case No. 08C0952

MATTHEW SEBULIBA,
        Defendant.

## ORDER

Plaintiff April Griffin filed a petition pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Convention"), T.I.A.S. No. 11670, 1343 U.N.T.S. 89 (Oct. 25, 1980), as implemented by the International Child Abduction Remedies Act (ICARA), 42 U.S.C. §§ 11601 et seq. Plaintiff alleged that defendant, Matthew Sebuliba, wrongfully removed or was threatening to wrongfully remove their two-year-old child from the United States to Uganda, and sought relief pursuant to the Convention and ICARA either effectuating the child's return to the United States or prohibiting his removal to Uganda. On December 22, 2008, I dismissed the petition for failure to state a claim. Before me not is plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

Rule 60(b) enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment

has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

A Rule 60(b) motion cannot be used as "an alternate route for correcting simple legal errors. Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" Cash v. Ill. Div. of Mental Health, 209 F.3d 695, 698 (7th Cir.2 000). An appeal, as opposed to a Rule 60(b) motion, is the proper vehicle to redress claimed legal errors, "otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal." Russell, 51 F.3d at 749.

In the present case, petitioner generally contends that I misinterpreted and misapplied the Convention in various respects. These arguments amount to assertions of legal error, and therefore are not sufficient to justify relief pursuant to Rule 60(b). Thus, I will deny petitioner's motion.

**IT IS THEREFORE ORDERED** that petitioner's motion for relief from judgment is **DENIED.**

Dated at Milwaukee, Wisconsin this 24 day of July, 2009.

/s
LYNN ADELMAN
District Judge

2